**KOLLER LAW LLC**
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, Pa 19103
(215)545-8917
(215) 575-0826 (fax)
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA CRANE,** | : | |
| **3242 Midvale Avenue** | : | |
| **Philadelphia, PA 19129** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **ALEJANDRO MAYORKAS, SECRETARY,** | : | |
| **DEPARTMENT OF HOMELAND SECURITY,** | : | |
| **500 C Street, S.W.** | : | |
| **Washington, D.C. 20472** | : | |
| **Defendant.** | : | |

## COMPLAINT

Plaintiff, Melissa Crane (hereinafter "Plaintiff"), by and through his undersigned counsel, brings this action against Defendant, Alejandro Mayorkas, Secretary, Department of Homeland Security (hereinafter "Defendant" or "DHS"), for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## PARTIES

1. Plaintiff incorporates the preceding introductory paragraph as if set forth more fully at length herein.

2. Plaintiff, Melissa Crane, is an adult individual residing at 3242 Midvale Avenue,

Philadelphia, PA 19129.

3. Defendant is a federal government entity responsible for public safety.

4. Defendant is headquartered at 500 C Street, Washington, D.C. 20472.

5. Defendant is an employer as defined under Title VII of the Civil Rights Act of 1964, as amended, and the Pennsylvania Human Relations Act.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because of Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction such that it complies with the traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth

2

herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and/or regularly conducts business in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted her administrative remedies under Title VII and the PHRA.

15. On or about November 15, 2021, Plaintiff filed a complaint of discrimination with the United States Postal Service Equal Employment Opportunity ("EEO Agency"), Agency Case Number: HS-FEMA-01937-2021, alleging sexual harassment and retaliation against Defendant.

16. On or about August 23, 2022, the EEO Agency dismissed Plaintiff's complaint, and Plaintiff received a Dismissal and Notice of Appeal Rights from the EEO Agency on or about August 4, 2021.

17. Plaintiff files the instant Complaint within thirty (30) days of her receipt of the EEO Agency dismissal.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. In 2015, Defendant hired Plaintiff and she is currently working the position of Community Planning Expert.

21. Plaintiff was well qualified for her position and performed well.

3

22. In September 2020, Plaintiff was assigned to work on a high-profile disaster recovery in Louisiana.

23. At the time of Plaintiff's deployment, she reported to Tony Robbins, Federal Recovery Officer.

24. During Plaintiff's initial Microsoft Teams interagency meeting that FEMA led, Plaintiff saw that Mr. Rowland displayed a painting of a nude woman with a basket above her head in his office.

25. Plaintiff was offended by this painting and was continued to be forced to view it multiple times in Microsoft Teams meetings with Mr. Rowland.

26. On October 16, 2020, Plaintiff complained about the sexually inappropriate painting displayed in Mr. Rowland's office to Erin Densford, Cadre Manager.

27. However, Ms. Densford did not address the situation.

28. In addition, Ms. Densford did not support Plaintiff's approaches of demobilizing herself or working as part of another disaster.

29. On January 12, 2021, Plaintiff proceeded to complain to Gerilee Bennett, Division Director for the Interagency Coordination Division.

30. In February 2021, Ms. Bennett told Plaintiff that she would not discuss her complaint with her.

31. In February 2021, Ms. Densford and Ms. Bennett initiated a "culture of respect" within Plaintiff's work group, yet she was still forced the sexually inappropriate painting in Mr. Robbins's office during Microsoft Teams meetings.

32. Additionally in February 2021, Ms. Densford stopped returning Plaintiff's emails regarding questions about training.

33. In February 2021, Plaintiff initiated a training request for Federal Disaster Recovery Officer Bootcamp to Ms. Densford, which Ms. Densford proceeded to deny.

34. In addition, in February 2021, Ms. Densford denied Plaintiff receiving credit for a different Federal disaster training course.

35. In or around March 2021, Plaintiff contacted the Office of Professional Responsibility to complain of sexual harassment from Mr. Rowland, who was since promoted to a Federal Disaster Recovery Officer regional position.

36. On July 7, 2021, Plaintiff contacted Melissa Forbes, Deputy Assistant Administrator for the Recovery Directorate, and complained about Ms. Rowland's sexual harassment and management's refusal to properly address it.

37. On July 20, 2021, Marc Wilson, Supervisory Program Manager, issued Plaintiff a Letter of Reprimand for allegedly being confrontational and unprofessional in her contact with management.

38. The Letter of Reprimand prevented Plaintiff from receiving multiple monetary awards, recognition, promotions and other opportunities.

39. Plaintiff proceeded to complain to Ms. Bennett via email regarding the Letter of Reprimand she received, that she believed that it was in retaliation for her complaints of sexual harassment and requested that it be removed.

40. Plaintiff then complained to the Office of the Chief Human Capital Officer regarding the Letter of Reprimand, but they informed her that they could not address her complaint because Mr. Wilson had since left the agency.

41. In August 2021, Plaintiff complained about the Letter of Reprimand to Christopher Vreeland, Interim Regional Program Manager, but he refused to remove the Letter of Reprimand.

42. Shortly afterwards, in August 2021, the Office of Professional Responsibility informed Plaintiff that the sexually inappropriate painting in Mr. Rowland's office had been removed.

43. On October 8, 2021, the IRC Cadre Management Team emailed Plaintiff that she was not selected for the position of FDRO 2 Reservist.

44. Defendant then proceeded to close the position without filling the position, which is not standard practice of Defendant.

45. In January 2022, Defendant issued Plaintiff another unwarranted written reprimand and as a result she was ineligible to receive monetary awards and bonuses.

46. Plaintiff believed that the unwarranted written reprimand was in retaliation for her complaints of sexual harassment and retaliation.

47. Defendant has continued to prevent Plaintiff from receiving training without any justification.

48. As a result, Plaintiff cannot receive a promotion at Defendant.

49. In addition, Defendant has since ceased assigning Plaintiff's projects, which significantly hinders Plaintiff's ability to be promoted.

50. It is Plaintiff's position that she was sexually harassed and retaliated against for her complaints of the sexual harassment in violation of Title VII and the PHRA.

**COUNT I – SEX DISCRIMINATION**
**(SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT)**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

52. By the conduct set forth above of Defendant, engaged in unlawful employment discrimination.

53. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female.

    b. Such discrimination was severe, pervasive, and regular.

    c. Such discrimination detrimentally affected Plaintiff.

    d. Such discrimination would have detrimentally affect a reasonable person of the same protected class in Plaintiff's position.

54. There existed in Defendant *respondeat superior* liability because the harassment was created by a supervisor with authority over Plaintiff and was above Plaintiff in the chain of command.

55. The unlawful employment practices outlined above were intentional.

56. Defendant is not entitled to an affirmative defense.

57. Defendant knew or should have known of the sexual harassment.

58. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

59. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures.

60. The above described acts of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

61. Said acts of Defendant were committed by and through its senior management employee within his employment relationship with Defendant.

62. The extreme and outrageous acts of Defendants merit the imposition of punitive damages.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT II – SEX DISCRIMINATION**
**(SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT)**
**PENNSYLVANIA HUMAN RELATIONS ACT**

63. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

64. By the conduct set forth above of Defendant, engaged in unlawful employment discrimination.

65. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female.

    b. Such discrimination was severe, pervasive, and regular.

    c. Such discrimination detrimentally affected Plaintiff.

    d. Such discrimination would have detrimentally affect a reasonable person of the same protected class in Plaintiff's position.

66. There existed in Defendant *respondeat superior* liability because the harassment was created by a supervisor with authority over Plaintiff and was above Plaintiff in the chain of command.

67. The unlawful employment practices outlined above were intentional.

68. Defendant is not entitled to an affirmative defense.

69. Defendant knew or should have known of the sexual harassment.

70. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

71. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures.

72. The above described acts of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

73. Said acts of Defendant were committed by and through its senior management employee within his employment relationship with Defendant.

74. The extreme and outrageous acts of Defendants merit the imposition of punitive damages.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III – RETALIATION
## TITLE VILL OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

75. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

76. Plaintiff engaged in activity protected by Title VII when she reported sexual harassment.

77. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, written disciplines and failure to promote.

78. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

79. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

9

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

80. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

81. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

82. Plaintiff engaged in activity protected by the PHRA when she reported sexual harassment.

83. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, written disciplines and failure to promote.

84. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

85. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Melissa Crane, requests that the Court grant her the following relief against Defendant:

    (a)    Compensatory damages;

    (b)    Punitive damages;

    (c)    Liquidated damages;

    (d)    Emotional pain and suffering;

    (e)    Reasonable attorneys' fees;

    (f)    Recoverable costs;

    (g)    Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

11

**RESPECTFULLY SUBMITTED,**
**KOLLER LAW LLC**

Date: November 21, 2022        **By:**        **/s/David M. Koller, Esq.**
                                                      David M. Koller, Esquire
                                                      Jordan D. Santo, Esquire
                                                      **KOLLER LAW LLC**
                                                      2043 Locust Street, Suite 1B
                                                      Philadelphia, PA 19103
                                                      davidk@kollerlawfirm.com
                                                      jordans@kollerlawfirm.com

                                                      *Counsel for Plaintiff*

12